## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

NIC AKER,

        Petitioner,

v.                                               CIV 05-1043 MV/LAM

JAMES JANECKA, WARDEN,

        Respondent.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]

### PROPOSED FINDINGS

1.  **THIS MATTER** is before the Court on Respondent's ***Motion to Dismiss** (Doc. 12)* (hereinafter "Motion"), filed on January 5, 2006.  Having considered the Motion, the parties' submissions related to the Motion and relevant law, the undersigned recommends, for the reasons set forth below, that the Motion be **GRANTED**.

2.  Petitioner Nic Aker initiated this habeas proceeding on September 29, 2005, by filing an ***Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 by a Person in State Custody** (Doc. 1)* (hereinafter "Application").  Petitioner is proceeding *pro se* and *in forma pauperis*. Mr. Aker asserts three claims in his Application, including (1) denial of due process and equal protection of the law due to judicial and prosecutorial misconduct; (2) ineffective assistance of counsel; and (3) denial of allocution.  *Application, Doc. 1* at 6-9.

---

[1]**Within ten (10) days after a party is served with a copy of these Proposed Findings and Recommended Disposition, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommended disposition.  A party must file any objections with the Clerk of the United States District Court within the ten-day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**

3.  In the memorandum filed by Respondent in support of the Motion, Respondent contends that Petitioner's Application should be dismissed with prejudice because the state court's disposition of the claims do not qualify for review by this Court under 28 U.S.C. § 2254(d).  *See Memorandum in Support of Motion to Dismiss (Doc. 13)* (hereinafter "Memo in Support") at 1.  Specifically, Respondent argues that the state court's determination of the claims was not contrary to, or an unreasonable application of, established federal law nor was the determination based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.  *Id.*

4.  Petitioner failed to timely respond to the Motion but filed a *[Second]*[2] *Motion for Cause for Appointment of Counsel (Doc. 16)* on March 9, 2006 that included requests for appointment of counsel, leave to file an amended petition, and a stay of proceedings.  On March 13, 2006, the Court entered an order denying Petitioner's requests, but extending, until March 31, 2006, the deadline for Petitioner to respond to the motion to dismiss.  *See Order Denying Petitioner's Motion for Cause for Appointment of Counsel (Doc. 16) (Doc. 17)*.  Petitioner failed to file a response by this deadline; however, Petitioner provided the Court with documentation verifying that Petitioner did not receive the Court's March 13th order until May 30, 2006.  *See Motion for an Extension of Time to File Amended Habeas Corpus Petition (Doc. 18)*, Exhibit A, Inmate Legal Mail Log dated May 30, 2006, Lea County Correctional Facility, New Mexico Corrections Department.  On June 26, 2006, Petitioner filed a *Motion for Extension of Time to File Amended Habeas Corpus Petition (Doc. 18)*

---

[2]Petitioner filed a *Motion for Appointment of Counsel (Doc. 3)* on September 29, 2005, which was denied on February 1, 2006.  *See Order Denying Petitioner's Motion for Appointment of Counsel (Doc. 3) (Doc. 15)*.

but moved to withdraw this motion (*Motion to Withdraw From Filing Amended Writ of Habeas Corpus, Doc. 19*) on August 3, 2006, and the Court granted the withdrawal (*Order, Doc. 21*).

5.  On August 7, 2006, the Court entered a *Briefing Scheduling Order and Order to Show Cause (Doc. 20)*, requiring Petitioner to respond to Respondent's *Motion to Dismiss (Doc. 12)*, extending the deadline to do so until August 21, 2006 and warning Petitioner that the Court would consider a failure to respond as consent to grant Respondent's motion to dismiss and to the dismissal of the action with prejudice.  On September 11, 2006, Petitioner filed *Petitioner's Response in Opposition to State's Motion to Dismiss (Doc. 22)* and *Motion for Timely Filed (Doc. 23),* which the Court construes as a motion to accept the response as timely filed.  In these motions, Petitioner claims he did not receive the Court's order *(Doc. 20)* until August 22, 2006 (more than two weeks after the Court filed it), which prevented him from filing the response by the Court-ordered date of August 21, 2006.[3]  In light of Lea County Correctional Facility's earlier failure to promptly deliver Petitioner's legal mail, the Court will enter an order granting Petitioner's motion *(Doc. 23)* and will accept Petitioner's response *(Doc. 22)* to the motion to dismiss as being timely filed.

## Background

6.  On December 20, 2002, Petitioner entered into a plea agreement in which he agreed to plead guilty to second degree murder, kidnapping (death of victim), burglary (dwelling), conspiracy to commit first degree murder, and conspiracy to commit kidnapping (first degree) in case number CR-2001-2295.  *Answer, Doc. 14, Exhibit B.*  The plea agreement specifically stated that "defendant

---

[3]The Court notes that Petitioner states he is in the process of obtaining the legal mail log sheet to verify the date he received the Court's order.  *Motion for Timely Filed, Doc. 23* at the second page.  To date, the Court has not received the documentation.  However, Respondent has not filed a response to Petitioner's *Motion for Timely Filed (Doc. 23)* nor has Respondent refuted Petitioner's claim that he received the order late.  *See Notice of Intent Not to File a Reply (Doc. 24)* filed September 25, 2006.

may be sentenced to a total term not to [sic] less than TWELVE (12) years and not to exceed SIXTY (60) years." *Id.* at the third page.  On April 4, 2003, Petitioner appeared at his sentencing hearing and made a statement expressing remorse for his involvement in the crime.  *Answer, Doc. 14, Exhibit F* at 8 and *Exhibit D* at 11.   At this hearing, Petitioner's counsel argued that both the sentencing process and the judge were tainted by the *ex parte* submission of letters (from the victim's family, friends and the community urging the judge to sentence Petitioner to the maximum sentence) and that this *ex parte* submission violated Petitioner's due process rights as defense counsel had no opportunity to review all the letters or prepare a response prior to the sentencing hearing.  *Answer, Doc. 14, Exhibit F* at 6-8.  Defense counsel requested a new sentencing hearing and judicial recusal based on this alleged due process violation.  *Answer, Doc. 14, Exhibit F* at 6, n. 1.  The trial court denied Petitioner's motions and proceeded with sentencing.  *Id.* at 7.  On April 22, 2003, the trial court entered its Judgment, Sentence, and Commitment, sentencing Petitioner to sixty years imprisonment, the maximum allowed by the plea agreement.  *Answer, Doc. 12, Exhibit A* at the fourth page and Exhibit B at the third page.

7.  On April 18, 2003, Petitioner filed a Motion to Vacate Sentence and Renewed Motion to Recuse with the state district court.  *Answer, Doc. 14, Exhibit F* at 9.  A hearing was held (*id.* at 9) and the motion denied on May 23, 2003.  *Id.* at 15.

8.  On December 5, 2003, Petitioner filed an appeal with the Court of Appeals for the State of New Mexico alleging:  (1) violation of his constitutional rights to due process of law, a fair trial, allocution, and cruel and unusual punishment due to prosecutorial and judicial misconduct regarding the trial court's consideration of 192 *ex parte* letters; (2) that waiver language in the plea agreement did not prospectively waive future constitutional error; and (3) ineffective assistance of counsel.

-4-

*Answer, Exhibit F, Brief for the Appellant* at 16-30.   Petitioner asked the court to reverse his sentence, order the trial judge to recuse himself and remand the case for sentencing before a fair and impartial tribunal.  *Id.* at 31.  On April 12, 2005, the Court of Appeals affirmed the judgment and sentence of the trial court.  *State v. Aker*, 113 P.3d 384 (N.M. Ct. App. 2005); *Answer, Doc. 14, Exhibit I.*

        9.  On April 25, 2005, Petitioner served a petition for writ of certiorari in the Supreme Court of New Mexico alleging that his right to due process was violated when the state provided the trial court with 192 *ex parte* letters not provided to defense counsel and that this action deprived Petitioner of his right to effective assistance of counsel.  *Answer, Doc. 14, Exhibit J* at 1 and 11.  On May 19, 2005, the Supreme Court of New Mexico denied the petition for writ of certiorari.  *Id., Exhibit K.*

        10.  On August 11, 2005, Petitioner filed a Motion to Reconsider Sentence with the state district court requesting a hearing and asserting that there were additional mitigating factors to bring to the court's attention, including proportionality, conflicting stance taken by the prosecutor's office and rehabilitation. *Answer, Doc. 14, Exhibit M* at 2.  On August 26, 2005, Petitioner filed a Motion to Disqualify the Second Judicial District Prosecutor's Office and a Motion to Recuse the trial judge from any further proceedings in the matter.  *Id., Exhibit N.*  On September 8, 2005, the state district court denied the Motion to Recuse *(id., Exhibit R)* and, after a hearing on October 25, 2005 *(id., Exhibit U)*, the state district court denied the Motion to Disqualify the District Prosecutor's Office *(id.)*.  Following a hearing on November 18, 2005, the state district court denied Petitioner's motion to reconsider sentence.  *Id., Exhibit V.*

11.  On September 29, 2005, while waiting for the state district court decision on his motion to reconsider sentence, Petitioner filed his Application *(Doc. 1)* in this case for federal habeas corpus relief pursuant to 28 U.S.C. § 2254.[4]  Petitioner's Application asserts three claims as follows:

a.  Petitioner was denied due process and equal protection of the law because the trial judge received *ex parte* communications, prior to sentencing, that amounted to judicial and prosecutorial misconduct (*Application, Doc. 1* at 6);

b.  Petitioner was denied effective assistance of counsel because defense counsel was unable to prepare to respond to the *ex parte* communications.  Petitioner argues that the outcome of the sentencing hearing would have been different if counsel had been able to prepare a response (*Application, Doc. 1* at 7); and

c.  Petitioner was denied allocution at his sentencing hearing as both he and his counsel were unprepared to respond to the information in the *ex parte* communications (*Application, Doc. 1* at 9).

12.  As noted above, Respondent contends that Petitioner's Application should be dismissed with prejudice because the state court's disposition of the claims do not qualify for review by this Court under 28 U.S.C. § 2254(d).  *Memo in Support, Doc. 13* at 1.  Respondent's Answer and Memo in Support do not raise any procedural defenses and the Memo in Support states that Petitioner's "issues have been exhausted in the state courts either by direct appeal, by state post-conviction proceedings or because Petitioner no longer has any available state mechanism for seeking review in

---

[4]District Judge Martha Vázquez granted **Respondent's Motion for Extension of Time to File Answer** *(Doc. 9)* to allow Petitioner time to exhaust any remaining claims in state court, *i.e.,* an appeal of the decision on the motion to reconsider sentence, thereby avoiding the need either to dismiss the Application for a failure to exhaust or to hold the matter in abeyance until exhaustion was complete.  ***Order Granting Respondent's Motion For Extension of Time to File Answer (Doc. 9)*** *(Doc. 11)*.

state court." *Memo in Support , Doc. 13* at 4.  Thus, Respondent concedes that this case is ready for ruling on the merits.

## Standard of Review

13.  A district court has jurisdiction to grant a writ of habeas corpus on behalf of a person in state custody if the custody is in violation of federal law.  *See* U.S.C. § 2254(a).  The Antiterrorism and Effective Death Penalty Act (AEDPA) modified the role that federal habeas courts play in reviewing state convictions.  *Bell v. Cone*, 535 U.S. 685, 693 (2002).  Congress enacted AEDPA to prevent federal habeas "retrials" and to ensure that state convictions are given effect to the fullest extent possible.  *Id.*  To those ends, AEDPA provides:

> (d)   An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim- -
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

14.  Under the "contrary to" clause of  § 2254(d)(1), "a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts."  *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000).  A decision is not "contrary to" simply because the state court did not cite Supreme Court opinions.  *See Early*

*v. Packer,* 537 U.S. 3, 8 (2002).  The state court need not even be aware of the relevant Supreme

Court cases, as long as neither the state court's reasoning nor its result contradicts them.  *Id.*

15.  Under the "unreasonable application clause," "a federal habeas court may grant the writ

if the state court identifies the correct governing principle from [the Supreme] Court's decisions but

unreasonably applies that principle to the facts of the prisoner's case." *Williams*, 529 U.S. at 413.

The focus of this inquiry is whether the state court's application of clearly established federal law is

"objectively unreasonable" and not whether the federal habeas court concludes in its independent

judgment that it was an erroneous or incorrect application of established federal law. *Bell,* 535 U.S.

at 694.

16.  Under 28 U.S.C. § 2254(e)(1), "[i]n a proceeding instituted by an application for a writ

of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination

of a factual issue made by a State court shall be presumed to be correct.  The applicant shall have the

burden of rebutting the presumption of correctness by clear and convincing evidence."

### Violation of Due Process and Misconduct

17.  Petitioner argues that he was denied due process and equal protection of the law because

the sentencing judge received *ex parte* communications from the district prosecutor and that

Petitioner was sentenced based on this *ex parte* information to which he was not privy.  The New

Mexico Court of Appeals summarized the situation as follows:

> {3} Sentencing was scheduled for April 4, 2003.  At the instigation of the Victim's
> sister, almost two hundred people wrote letters to the trial court urging that the
> maximum sentence be imposed.  We provide the details of certain letters in our
> discussion below.  However, in general, the letters address the Victim's attributes and
> the impact of her murder on her family, friends, and the community at large.  The
> letter urged the court to sentence Defendant to the maximum term of imprisonment
> allowed under the plea agreement.  These letters were apparently compiled by the

Victim's Unit of the district attorney's office which delivered 120 letters to the court shortly before sentencing.  On April 2, 2003, the defense counsel was advised of the letters.  Defense counsel retrieved the letters that day.  The next day, defense counsel was advised that another batch of 72 letters had arrived.  Due to time constraints, defense counsel was not able to review the second set of letters until after sentencing.  In total, 192 letters were submitted to the trial court.

{4} The night before sentencing, the trial judge reviewed all of the letters.  Also reviewed was Defendant's sentencing memorandum, the attachments thereto, and a sixty-day diagnostic evaluation report.

*State v. Aker*, 113 P.3d at 386.

18.  A defendant must be afforded a fair opportunity to examine and challenge any information that the sentencing court relied on in determining the sentence.  *United States v. Berzon*, 941 F.2d 8, 18 (1st Cir. 1991) (citing *United States v. Curran*, 926 F.2d 59 (1st Cir. 1991).  To establish a due process violation a "defendant must show 1) that the challenged information is materially false or unreliable; and (2) that the sentencing judge relied, at least in part, on this information."  *Oxborrow v. Eikenberry*, 877 F.2d 1395, 1400-1401 (9th Cir. 1988) (internal citations omitted) (Defendant failed to establish a due process violation because the trial judge did not rely on unsolicited letters for any material facts but rather drew upon the presentence report and the pleadings as the source of his factual findings.)  "If the sentencing court states on the record that it excluded certain information from consideration when making the sentencing decision, the reviewing court must take such statements at face value."  *Oxborrow,* 877 F.2d at 1400 (citing *United States v. Gonzales*, 765 F.2d 1393, 1397 (9th Cir. 1985)).

19.  The New Mexico Court of Appeals found that although the trial judge discussed the letters at the sentencing hearing, the judge "indicated that the letters did not tell him anything he did not already know and that was not acknowledged by Defendant."  *Aker*, 113 P.3d at 389.  The Court

of Appeals also found that "the record indicates that the trial court relied on the evidence contained in Defendant's plea, the pre-sentence pleadings, and the testimony introduced at the sentencing hearing to determine Defendant's sentence. . . . [and that] [n]othing in the record indicates that the court used, or was influenced by, the letters from the public at large who had no connection with this case when determining Defendant's sentence." *Id.* at 390.

20.   The New Mexico Court of Appeals found that the submission of the letters to the court without notifying Petitioner was an *ex parte* communication but held "that the State's error does not warrant reversal because . . . there is no evidence that Defendant was prejudiced by the admission of the letters." *Id.* at 388.  In affirming the trial court decision, the Court of Appeals also noted that the letters did not contain any misrepresentations of a constitutional magnitude (*id.* at 391), that Petitioner did have an opportunity to rebut any misrepresentations (*id.* at 392), that Petitioner failed to request a continuance to review and rebut any misrepresentations *(id.)* and that the trial court did not rely upon the letters in determining the sentence (*id.* at 392-393).

21.   "Prosecutorial misconduct does not warrant federal habeas relief unless the conduct complained of is so egregious as to render the entire proceedings against the defendant fundamentally unfair." *Smallwood v. Gibson*, 191 F.3d 1257, 1275 (10th Cir. 1999).  The Court of Appeals held that "the prosecutor's actions in failing to divulge the letters until one to two days before trial were wrongful and should not be condoned.  However, [the Court of Appeals] affirm[ed] Defendant's sentence because there [was] no evidence that he suffered any prejudice from the admission of the letters without adequate prior notice especially since the trial court did not rely upon them to determine the sentence." *Aker,* 113 P.3d at 392-393.

22.   Petitioner's claims of due process violations and misconduct are all based on the alleged misuse of an *ex parte* communication between the trial judge and the district prosecutor.  However, as the Court of Appeals found, although the letters submitted were *ex parte* communications, Petitioner failed to show that he was prejudiced by the *ex parte* submissions or that the sentencing was fundamentally unfair.  The Court does not find that the state court's ruling was unreasonable or that Petitioner's due process rights were violated.  There is no ground for federal habeas relief on this claim.

## Ineffective Assistance of Counsel

23.   Petitioner alleges that he was denied effective assistance of counsel because his defense counsel was denied the ability to review and prepare a response to the *ex parte* communications submitted by the district prosecutor's office to the trial court prior to his sentencing.  *Application, Doc. 1* at 7.  Petitioner also argues that the outcome of the sentencing hearing would have been different if defense counsel had been able to prepare a response.  *Id.*

24.   To establish ineffective assistance of counsel, a habeas petitioner must satisfy a two-prong test.   First, he must show that counsel's performance fell below an objective standard of reasonableness.  *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984).   Judicial scrutiny of counsel's performance is highly deferential; thus, the petitioner must overcome the presumption that the challenged action might be considered sound trial strategy.  *Id.* at 689.   Second, the petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.   *Id.* at 694.   A reasonable probability is a probability sufficient to undermine confidence in the outcome.  *Id*.  "Failure to make the required

showing of <u>either</u> deficient performance or sufficient prejudice defeats the ineffectiveness claim." *Id.* at 700 (emphasis added).

25.   The Court of Appeals found that the trial judge did not rely on the *ex parte* letters in determining Petitioner's sentence and, therefore, any response to the letters would have been futile. Petitioner's defense counsel did have the opportunity to review some of the 192 letters submitted and objected to those letters during the sentencing hearing.  *Answer, Doc. 14, Exhibit F* at 6, n. 1; *Answer, Exhibit D* at 11.  The Court of Appeals found that Petitioner did not receive ineffective assistance of counsel because "there is nothing to indicate that, had Defendant's counsel known of the letters in advance, she could have raised objections or furnished rebuttal to the information contained in the letters."  *Aker,* 113 P.3d at 393.  This Court finds that the performance of Petitioner's counsel did not fall below constitutional standards, that the state court's ruling was reasonable and rejects Petitioner's allegation of ineffective assistance.

## Denial of Allocution

26.   Petitioner argues was that he was denied effective allocution at his sentencing hearing as both he and his counsel were unprepared to respond to the information in the *ex parte* communications.  *Application, Doc. 1* at 9.  Petitioner admits he did make a statement expressing regret and remorse at the sentencing hearing.  *Answer, Doc. 14, Exhibit D* at 11.  "A trial court's failure to afford a defendant the right of allocution raises neither a jurisdictional nor a constitutional error cognizable in habeas."  *Scrivner v. Tansy*, 68 F.3d 1234, 1240 (10th Cir. 1995) (citing *Hill v. United States*, 368 U.S. 424, 428, 82 S.Ct. 468, 471 (1962)).  In *Hill*, the Supreme Court held that

> [t]he failure of a trial court to ask a defendant represented by an attorney whether he has anything to say before sentence is imposed is not of itself an error of the character or magnitude cognizable under a writ of habeas corpus.  It is an error which is neither

jurisdictional nor constitutional.  It is not a fundamental defect which inherently results in a complete miscarriage of justice, nor an omission inconsistent with the rudimentary demands of fair procedure.  It does not present 'exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent.'

*Hill,* 368 U.S. at 428 (citations omitted).  The Court of Appeals determined that Petitioner did have an opportunity to address the sentencing court and he provided mitigating evidence in his sentencing memorandum, his defense counsel addressed the court, and Petitioner and his parents testified at the sentencing hearing.  *Aker*, 113 P.3d at 390.  The Court finds that the state court ruling was reasonable and that Petitioner's claim of a denial of allocution does not state a federal claim cognizable under § 2254.

**Conclusion**

The Court, having found that Petitioner's claims were adjudicated on the merits in state court and did not result in a determination that was contrary to or an unreasonable application of established federal law nor a determination based on an unreasonable determination of the facts in light of the evidence presented, recommends the following:

**<u>RECOMMENDED DISPOSITION</u>**

For the foregoing reasons, the undersigned recommends that Respondent's ***Motion to Dismiss (Doc. 12)*** be **GRANTED,** Petitioner's ***Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 by a Person in State Custody (Doc. 1)*** be **DENIED** and that this case be **dismissed with prejudice**.

*Lourdes a. Martinez*
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**

-13-
